2024-1350

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

_____

**OMAN FASTENERS, LLC,**
*Plaintiff-Appellee*

**v.**

**UNITED STATES,**
*Defendant*

**MID CONTINENT STEEL & WIRE, INC.,**
*Defendant-Appellant*

_____

Appeal from the United States Court of International Trade in No. 1:22-cv-00348-MMB, Judge M. Miller Baker

_____

## MOTION TO STAY FURTHER PROCEEDINGS IN THIS APPEAL OR, IN THE ALTERNATIVE, TO CONSOLIDATE WITH RELATED APPEAL

Adam H. Gordon
Jennifer M. Smith-Veluz
Benjamin J. Bay
**THE BRISTOL GROUP PLLC**

Dated:  January 29 2024          *Counsel to Defendant-Appellant Mid Continent Steel & Wire, Inc.*

## I.    INTRODUCTION

Defendant-Appellant Mid Continent Steel & Wire, Inc. ("Mid Continent") respectfully moves this Court to stay further proceedings in this appeal pending a decision in *Oman Fasteners v. U.S.*, Case No. 23-1661 ("23-1661"), a related, fully briefed appeal that involves the sole issue to be raised in this case:  whether a determination by the U.S. Department of Commerce ("Commerce") in an antidumping ("AD") case to reject a late filing was not an abuse of discretion and in accordance with law, and whether the assignment of a dumping rate adverse to the interests of the foreign producer, Oman Fasteners, LLC ("OF"), was supported by substantial evidence and in accordance with law. Alternatively, Mid Continent moves that this Court consolidate this appeal with Case No. 23-1661.

Mid Continent's Opening Brief in this appeal is currently due on or before March 12, 2024.

## II.    STATEMENT PURSUANT TO FEDERAL CIRCUIT RULE 27(a)(2)

In accordance with Federal Circuit Rule 27(a)(2), Mid Continent states that it has conferred with Plaintiff-Appellee Oman Fasteners

1

concerning this motion.  OF has indicated that it does not consent to this Motion and intends to file a response.

## III.  BACKGROUND

The background of this case is unusual.  As detailed below, Case No. 23-1661 involves an interlocutory appeal of a permanent injunction based on a decision by the U.S. Court of International Trade ("the Trade Court") in the same underlying case on the merits.  The Trade Court, however, did not render a final judgment in the case until after it sustained Commerce's remand determination pursuant to the Trade Court's instructions.  This appeal followed the Trade Court's final judgment.

This appeal relates to an AD case covering steel nails from Oman. Mid Continent is the largest American producer of steel nails and is the petitioner in the underlying AD proceeding.  OF is the largest producer of steel nails in Oman and one of the largest shippers of steel nails to the United States from any foreign country.

An AD order was imposed in 2015.  Since then, Commerce has conducted a series of periodic administrative reviews pursuant to 19 U.S.C. § 1675.  These reviews determine the assessment rate used to

calculate the final amount of duties on the specific imports examined,

and also set the cash deposit rate used by U.S. Customs and Border

Protection ("CBP") to collect deposits of estimated duties on future

imports.

During the sixth such review, Commerce assigned a rate of 154.33

percent to OF after determining that the company had failed to

cooperate by failing to act to the best of its ability to respond to

Commerce's requests for information.

This determination was made after OF failed to timely file a

complete response to one of Commerce's requests for information (a

supplemental questionnaire), and failed to request an extension of time

until after Commerce *sua sponte* rejected the late response 38 days

later.[1]

---

[1] *See Issues and Decision Memorandum for the Final Results of the 2020-2021 Administrative Review of the Antidumping Duty Order on Certain Steel Nails from the Sultanate of Oman* (Dep't of Commerce Dec. 16, 2022) at 6–10.

As a result, pursuant to 19 U.S.C. § 1677e, Commerce relied on facts available (19 U.S.C. § 1677e(a)) with inferences adverse to OF's interests (19 U.S.C. § 1677e(b)).[2]

On December 23, 2022, OF appealed Commerce's decision to the Trade Court, and sought a preliminary injunction against imposition of the 154.33 percent margin. On February 15, 2023, the Trade Court ruled in favor of OF both as to injunctive relief and also on the merits of the appeal, holding that Commerce's determination to reject the late response and apply the 154.33% rate was an abuse of discretion. In so doing, the Trade Court converted OF's motion to a motion for permanent injunctive relief and combined that with a ruling on the merits.[3]

In analyzing the motion for injunctive relief, the Trade Court applied the four-factor test articulated in *eBay Inc. v. MercExchange*,

---

[2] *See Certain Steel Nails from the Sultanate of Oman: Final Results of Antidumping Duty Administrative Review; 2020–2021*, 87 Fed. Reg. 78,639 (Dep't of Commerce Dec. 22, 2022).

[3] *See Oman Fasteners, LLC v. United States*, Slip Op. 23-17, Court No. 22-00348 (Ct. Int'l Trade Feb. 15, 2023, amended Feb. 22, 2023). The public version of the opinion was released on February 27, 2023.

*L.L.C.*, 547 U.S. 388 (2006).[4]  The Trade Court held that the fourth

factor, "that the public interest would not be disserved by a permanent

injunction," was satisfied because it had ruled in favor of OF on the

merits of the underlying appeal.[5]

As a result of the ruling, Commerce was enjoined from rejecting

the response, enjoined to consider the response, and enjoined to instruct

U.S. Customs and Border Protection to require future cash deposits of

estimated duties using a rate of 1.65% instead of the 154.33% margin.[6]

---

[4] *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) ("(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction").

[5] *See Oman Fasteners, LLC v. United States*, Slip Op. 23-17, at 38 ("The court, however, has determined on the merits that the 154.33 percent duty rate set by Commerce is unlawful.  Therefore, the government has no legitimate interest in collecting cash deposits at that rate.  Enjoining such collection cannot possibly undermine the statute's remedial purposes, because Oman has no liability to pay 154.33 percent duties. Injunctive relief here will not disserve the public interest.").

[6] *See Oman Fasteners, LLC v. United States*, Order 23-17, Court No. 22-00348 *(*Ct. Int'l Trade Feb. 15, 2023*)* at ¶¶ 4–6.

5

The Trade Court then remanded the appeal to Commerce for further proceedings consistent with its ruling, with instructions to consider the rejected response.[7]

On March 23, Mid Continent filed an interlocutory appeal of the Trade Court's determination to impose a permanent injunction against Commerce's determination.  That appeal, Case No. 23-1661, is fully briefed.[8]

As discussed in Mid Continent's briefs in Case No. 23-1661, its challenge to the Trade Court's decision to award permanent injunctive relief in favor of OF necessarily involves and requires review of the AFA merits ruling.  *See* Case No. 23-1661 ECF No. 20 (Red Brief) at 24–63. Mid Continent has fully briefed the AFA issue, and OF has fully responded.  *See* Case No. 23-1661 ECF Nos. 20, 22, 24.

---

[7] *See Oman Fasteners, LLC v. United States*, Order 23-17, at ¶ 3.

[8] Case No. 23-1661 also has been deemed a companion case to a different appeal arising from the original investigation on steel nails from Oman (*Mid Continent Steel & Wire, Inc. v. United States and Oman Fasteners, LLC*, Case No. 23-1039). That appeal involves an unrelated issue but will be assigned to the same merits panel.

On July 17, 2023, Commerce issued the final determination in its remand proceeding.[9]  Commerce used OF's late response and calculated a final dumping rate of 0.00 percent.[10]  Commerce rejected Mid Continent's arguments that it should continue to reject OF's late filing and apply the 154.33 percent rate.[11]

The parties filed comments with the Trade Court concerning Commerce's final remand determination.  Mid Continent argued that the Trade Court should reconsider its decision that Commerce abused its discretion when it rejected the late response and assigned the 154.33 percent rate.[12]  OF and Commerce opposed Mid Continent's comments.[13]

---

[9] *See Oman Fasteners, LLC v. United States*, *Final Results of Redetermination Pursuant to Court Remand*, Slip Op. 23-17.

[10] *Id.* at 1, 2 & 52.

[11] *See Oman Fasteners, LLC v. United States*, *Final Results of Redetermination Pursuant to Court Remand*, at 29–30.

[12] Mid Continent raised two other issues before the Trade Court that will not be addressed in this appeal.  Only the issue of Commerce's determination to reject the late filing and assign the 154.33 percent rate will be addressed in this appeal.

[13] *See Oman Fasteners, LLC v. United States*, *Final Results of Redetermination Pursuant to Court Remand*, at 27–29.

On January 5, 2024, the Trade Court affirmed Commerce's remand determination.[14] With respect to Mid Continent's renewed arguments defending Commerce's original AFA determination concerning the late filing, the Trade Court stated that it was jurisdictionally precluded from reconsidering the issue because it already was on appeal in Case No. 23-1661.[15]

Mid Continent commenced this appeal by notice filed January 8, 2024. Mid Continent filed this appeal in order to ensure that it would preserve its ability to seek review by this Court of the AFA decision. That said, the AFA issue to be addressed in this appeal has already been fully briefed in Case No. 23-1661.

## IV.   DISCUSSION

### A.   Staying This Appeal Favors Judicial Economy And Serves The Interests Of The Court And The Parties

"{T}he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for

---

[14] *See Oman Fasteners, LLC v. United States*, Slip Op. 24-1, Court No. 22-00348 (Ct. Int'l Trade Jan. 5, 2024). The public version of the opinion was released on January 16, 2024.

[15] *Id.* at 5.

litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Furthermore, the manner in which this power to stay proceedings is

exercised calls for "the exercise of judgment, which must weigh

competing interests and maintain an even balance." *Id.* at 254–55.

Several bases support a determination to stay this appeal pending

a final determination in Case No. 23-1661.

First, briefing in this appeal would be virtually duplicative of the

parties' briefing in Case No. 23-1661 as to the AFA issue, because the

facts, record, issue, analysis, and parties are identical, stemming from

the same factual record.

Second, the Court's decision concerning the AFA issue in Case No.

23-1661 should be dispositive of the identical issue in this appeal.

Third, staying this appeal pending a decision in Case No. 23-1661

will promote judicial economy by preserving judicial resources while

protecting the parties' rights by obviating the need for unnecessary

briefing and the concomitant costs arising therefrom.

Fourth, the Trade Court itself specifically noted that the AFA

issue raised by Mid Continent during the remand proceeding and

subsequent proceedings before the Trade Court already was on appeal

in Case No. 23-1661, and held that it was jurisdictionally precluded

from revisiting it.  The Trade Court stated that

> whether Commerce should have rejected Oman's
> supplemental questionnaire response and assigned the
> company a 154.33 percent dumping margin based on
> the use of facts otherwise available with an adverse
> inference {is} an argument that the court rejected in its
> earlier opinion and is pending on appeal.[16]

The Trade Court further stated that "{b}ecause an appeal is

pending, the court lacks jurisdiction to reconsider this issue.  *See* 20

Moore's Federal Practice—Civil § 303.32[2][a][ii]."[17]

Mid Continent believes that the AFA issue is properly subject to

review in this appeal, but for the reasons discussed above a stay in this

appeal pending a decision on the AFA issue in Case No. 23-1661

provides the most efficient approach to the ultimate resolution of the

matter.

As the foregoing demonstrates, a stay of further proceedings in

this appeal would be the most efficient course of action, serving both the

interests of the parties, who are identical, and the interests of judicial

---

[16] *See Oman Fasteners, LLC v. United States*, Slip Op. 24-1, Court No.
22-00348 (Ct. Int'l Trade Jan. 5, 2024) at 5.

[17] *Id.* at 5 n.1.

economy by obviating the requirement for duplicative briefing on an issue that has been fully briefed in Case No. 23-1661.

**B.    If The Court Declines To Stay This Appeal, It Should Consolidate This Appeal With Case No. 23-1661**

As discussed above, this appeal concerns issues and facts that are identical to those involved in Case No. 23-1661 concerning the AFA issue.  Should the Court determine not to stay this appeal, consolidation with Case No. 23-1661 is warranted.  Furthermore, given that briefing in this appeal will mirror, in pertinent part, that of Case No. 23-1661, Mid Continent respectfully submits that to avoid unnecessary delay created by duplicative briefing in this appeal, the Court should consolidate this appeal with Case No. 23-1661 and rely on the briefing in Case No. 23-1661 to decide the merits of both appeals.

## V.    CONCLUSION

For the foregoing reasons, Mid Continent respectfully submits that the Court should stay further proceedings in this appeal until a

decision has been rendered in Case No. 23-1661, or, in the alternative,

consolidate this appeal with Case No. 23-1661.

Respectfully submitted,

*/s/ Adam H. Gordon*
Adam H. Gordon, Esq.
Jennifer M. Smith-Veluz, Esq.
Benjamin J. Bay, Esq.
**THE BRISTOL GROUP PLLC**
1707 L Street, NW, Suite 570
Washington, DC 20036
202-991-2700

Dated:  January 29, 2024          *Counsel to Defendant-Appellant Mid*
*Continent Steel & Wire, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---:|:---|
| **Case Number** | 2024-1350 |
| **Short Case Caption** | Oman Fasteners, LLC v. US |
| **Filing Party/Entity** | Mid Continent Steel & Wire, Inc. |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 01/29/2024

Signature:   */s/Adam H. Gordon*

Name:   Adam H. Gordon

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| Mid Continent Steel & Wire, Inc. | | Wholly owned by DEACARO USA Inc., a subsidiary of DEACARO S.A.P.I de C.V. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable                  ☐    Additional pages attached

| The Bristol Group PLLC | Adam H. Gordon | Lauren N. Fraid |
|---|---|---|
|  | Jennifer M. Smith-Veluz |  |
|  | Benjamin J. Bay |  |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑  Yes (file separate notice; see below)    ☐  No    ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable                  ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |

## <u>CERTIFICATE OF COMPLIANCE</u>

This motion complies with the type-volume limitation of Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure.

This motion contains 2,112 words.

This motion complies with the typeface requirements Rule 32(a)(5) of the Federal Rules of Appellate Procedure, and the typestyle requirements of Rule 32(a)(6) of the Federal Rule of Appellate Procedure, in accordance with Rule 27(d)(1)(E) of the Federal Rule of Appellate Procedure.

This response has been prepared in a proportionally spaced type face using Microsoft Word in Century Schoolbook 14-point font.


*/s/ Adam H. Gordon*
Adam H. Gordon
**THE BRISTOL GROUP PLLC**
Dated:  January 29, 2024       *Counsel to Defendant-Appellant Mid Continent Steel & Wire, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January, 2024, a copy of

the foregoing motion was served on the following parties by operation of

the Court's electronic-filing system:

Michael P. House
Michael R. Huston
Andrew T. Dufresne
Jonathan I. Tietz
Perkins Coie LLP
700 Thirteenth Street NW
Suite 800
Washington, DC 20005


/s/ Adam H. Gordon
Adam H. Gordon
**THE BRISTOL GROUP PLLC**
*Counsel to Defendant-Appellant Mid
Continent Steel & Wire, Inc.*

Dated: January 29, 2024