2024-1350

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT
_____

**OMAN FASTENERS, LLC,**
*Plaintiff-Appellee*

v.

**UNITED STATES,**
*Defendant*

**MID CONTINENT STEEL & WIRE, INC.,**
*Defendant-Appellant*
_____

Appeal from the United States Court of International Trade in No. 1:22-cv-00348-MMB, Judge M. Miller Baker
_____

# REPLY TO APPELLEE'S RESPONSE TO MOTION TO STAY OR CONSOLIDATE

Adam H. Gordon
Jennifer M. Smith-Veluz
**THE BRISTOL GROUP PLLC**

Dated: February 15, 2024

*Counsel to Defendant-Appellant Mid Continent Steel & Wire, Inc.*

## I. INTRODUCTION

Defendant-Appellant Mid Continent Steel & Wire, Inc. ("Mid Continent") hereby replies to Plaintiff-Appellee Oman Fasteners, LLC ("OF")'s response (the "Opposition") to motion to stay or consolidate (the "Motion").

## II. DISCUSSION

### A. Staying this Appeal is the Proper Course of Action as Case No. 23-1661 is Not Moot

The briefing in this appeal will duplicate the briefing already before the Court in related Case No. 23-1661 ("Case No. 23-1661") as it pertains to the Commerce Department's application of an antidumping rate based on information reflecting inferences adverse to OF's interests (the "AFA Issue"). OF contends that Case No. 23-1661 is now moot and has moved to dismiss that appeal.

OF states that:

> This Court should not stay this case pending the outcome on the merits of the now-moot interlocutory appeal. It should instead dismiss that jurisdictionally defective appeal (No. 23-1661) and allow this one to proceed in the normal course. To be clear, doing so will not prejudice Mid Continent. Because of the merger rule, Mid Continent can raise issues here that it would otherwise have raised in the interlocutory appeal— assuming that they continue to cause Article III harms that this Court can redress.

1

Opposition, ECF No. 13 at 8.

OF, in its motion to dismiss Case No. 23-1661, has already stated that the permanent injunction giving rise to that interlocutory appeal is moot, and that the AFA Issue is unreviewable as it, *too*, is moot. Motion to Dismiss, Case No. 23-1661 ECF No. 48. Mid Continent has fully opposed these claims in its opposition to the motion to dismiss (the "Opposition to MTD"). Opposition to MTD, Case No. 23-1661 ECF No. 49.

Although Mid Continent respectfully submits that such substantive, jurisdictional arguments are more properly addressed in the context of OF's Motion to Dismiss, Mid Continent will briefly address them here as OF raised them in its Opposition.

Case No. 23-1661 is not moot. As discussed in the Opposition to MTD, the Permanent Injunction remains in effect. *See* Case No. 23-1661 ECF No. 49 at 1, 8-9, 10. The Permanent Injunction was not vacated either by the final order of the U.S. Court of International Trade ("the Trade Court") in the underlying appeal of the antidumping

("AD") review (the "Sixth Review")[1], by the final results in the seventh administrative review (the "Seventh Review"), *Certain Steel Nails from the Sultanate of Oman*, 88 Fed. Reg. 85,878 (Dep't of Commerce Dec. 11, 2023) (final results), or otherwise.

In Case No. 23-1661, the parties have fully briefed the live issues, which go to the very heart of the terms, duration, and real-world effect of the Permanent Injunction, the AFA Issue and, indeed, any Article III issues.[2] Case No. 23-1661 is simply awaiting determination by this Court. Plainly, what OF really wants is the Court to dismiss Case No. 23-1661, keep this appeal alive only to the extent that it can be briefed, after which OF will then move to dismiss it on the same basis that it has done in Case No. 23-1661, thus adding many more months of timely and expensive motion practice. Delay is the name of the game.

OF insists that it be afforded an opportunity to rely on "the full record to present this Court the clearest reasons to affirm the final

---

[1] The Trade Court issued a final judgment in the Sixth Review on January 5, 2024, when it sustained the remand determination by the U.S. Department of Commerce ("Commerce") pursuant to the Trade Court's instructions (the "Final Order"). *See Oman Fasteners, LLC v. United States*, Slip Op. 24-1, Court No. 22-00348 (Ct. Int'l Trade Jan. 5, 2024) (public version issued Jan. 16, 2024).

[2] *See* ECF Nos. 20, 22, 24.

3

judgment in a brief that cleanly focuses on the live issues, free of the clutter and now-wasted space devoted to numerous now-moot concerns." Opposition, ECF No. 13 at 11. This position simply ignores the reality that the record as it pertains to the AFA Issue was not augmented or altered in any respect in the remand proceedings or by the Final Order.

Indeed, in the Final Order the Trade Court simply affirmed what it did previously, stating that

> whether Commerce should have rejected Oman's supplemental questionnaire response and assigned the company a 154.33 percent dumping margin based on the use of facts otherwise available with an adverse inference {is} an argument that the court rejected in its earlier opinion and is pending on appeal.

*Oman Fasteners, LLC v. United States*, Slip Op. 24-1 at 5 (emphasis added). The Trade Court further stated that "{b}ecause an appeal is pending, the court lacks jurisdiction to reconsider this issue." *Id.* at 5 n.1.

Thus, OF's professed need to rely on the "full record" is nothing more than a red herring that ignores the fact that where the AFA Issue was concerned, the Final Order and the remand proceedings had no effect on the record or briefing concerning the effect of the Permanent Injunction and all subsidiary issues, including the AFA Determination

4

in Case No. 23-1661. Materially, the Final Order simply acknowledged the Trade Court's previous determination, the subject of the fully briefed appeal in Case No. 23-1661, and took the position that the Trade Court had been divested of jurisdiction to revisit the AFA Issue.

The appeal in Case No. 23-1661 has not been mooted, nor have any issues to be raised in this appeal. The Trade Court has not altered or vacated the Permanent Injunction. Therefore, the Court can and should stay this appeal, proceed to hear the appeal in Case No. 23-1661, and render a decision concerning the Permanent Injunction and all subsidiary issues, including the AFA Determination, at its earliest convenience. Doing so will not prejudice OF in any way, perhaps apart from not allowing it to unnecessarily delay judicial review of a contested determination.

### B. Consolidation with Case No. 23-1661 as an Alternative Relief is Appropriate

OF claims that consolidating the appeals would "be more of a practical headache than anything" and that Case No. 23-1661 "was not predominantly about the lawfulness of the punitive 154.33% rate", stating that "{this} issue did not even appear in Mid Continent's issue statement." Opposition, ECF No. 13 at 9. To this end, OF takes the

5

Court through a list of issues dealt with in briefing that appeal. *Id.* OF concludes by stating that "{it} would be quite inconvenient for Mid Continent to make this Court comb through the parties' No. 23-1661 briefs to figure out which parts remain relevant." *Id.* at 10.

Setting to one side that OF's argument is itself one of convenience—more importantly, it is also inaccurate. As early as page 2 of Mid Continent's Blue Brief, indeed the very next paragraph after the "Statement of the Issues" referred to by OF, the lawfulness of the 154.33% rate is placed front and center:

> This appeal challenges a ruling by the Trade Court to grant a permanent injunction against {Commerce} wherein the Trade Court permanently enjoined Commerce from requiring cash deposits on imports of steel nails at a rate of 154.33%, and ordered that Commerce instead require cash deposits on those imports at a rate of 1.65%. Mid Continent seeks dissolution of the permanent injunction and retroactive imposition of the lawfully-assigned 154.33% cash deposit rate.

*See* Case No. 23-1661 ECF No. 20 (Blue Brief) at 2.

OF then goes on to state that "Mid Continent's consolidation request is also just odd. Consolidation usually happens before both cases are briefed, not after." Opposition, ECF No. 13 at 10. OF cites *Russell v. United States*, No. 10-1498, 2011 U.S. App. LEXIS 11042, at

6

\*1 (Fed. Cir. June 1, 2011) ("*Russell*") as authority for this proposition. *Id*. OF's reliance on, and interpretation of *Russell* is itself is odd, for at least two reasons.

First, it is a nonprecedential opinion, something OF fails to note despite the requirement of Federal Circuit Rule 32.1(a) ("A nonprecedential disposition must bear a legend designating it as nonprecedential.").

Second, *Russell* deals with a fundamentally different factual pattern and is not relevant to the case at hand. The Court in *Russell* did not make a finding supporting OF's statement that "{c}onsolidation usually happens before both cases are briefed, not after." Opposition, ECF No. 13 at 10. In *Russell*, as it pertains to a motion to consolidate, the Court simply stated that "because briefing {was} complete {in the earlier filed appeal}, we deem it the better course to treat the appeals *as companion cases*". *Russell v. United States* No. 10-1498, 2011 U.S. App. LEXIS 11042, at 2 (emphasis added).

A crucial differentiation in this case, of course, is that OF has moved to dismiss Case No. 23-1661, the ostensible *companion* case, thus negating any basis for the facts of *Russell* to be analogous to those at

7

hand. In *Russell*, there was no competing motion to dismiss. There, even though the Court did not grant the request to consolidate, it nevertheless was concerned with keeping both appeals alive, treating them as companion cases, and directing that they be argued together before the same merits panel. *Id*.

Here, OF's reliance on a nonprecedential order in *Russell* as authority for denying consolidation as an alternative relief in this Motion is misplaced. Furthermore, OF's reliance on *Russell* as an authority while actively seeking to dismiss Case No. 23-1661 is puzzling. The rationale in *Russell,* to the extent that it is relevant at all, is only instructive as to what approach a Court might take in the treatment of companion cases. Therefore, the Court should not afford any weight to *Russell* in deciding this Motion.

## III.  CONCLUSION

Case No. 23-1661 is not moot, despite OF's strenuous efforts to characterize it as such. If this appeal is not stayed pending a final decision in Case No. 23-1661, duplicate briefing on the AFA Issue will necessarily result, giving rise to extensive and needless delay and use of both the Court's and the parties' time and resources.

8

For the foregoing reasons, Mid Continent respectfully submits that the Court should grant the Motion and stay this appeal until a decision has been rendered in Case No. 23-1661, or, in the alternative, consolidate this appeal with Case No. 23-1661.

                                                    Respectfully submitted,

                                                    */s/ Adam H. Gordon*
                                                    Adam H. Gordon, Esq.
                                                    Jennifer M. Smith-Veluz, Esq.
                                                    **THE BRISTOL GROUP PLLC**
                                                    1707 L Street, NW, Suite 570
                                                    Washington, DC 20036
                                                    202-991-2700

Dated:  February 15, 2024           *Counsel to Defendant-Appellant Mid Continent Steel & Wire, Inc.*

9

FORM 9. Certificate of Interest    Form 9 (p. 1)
                                    March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

**CERTIFICATE OF INTEREST**

**Case Number** 2024-1350
**Short Case Caption** Oman Fasteners, LLC v. US
**Filing Party/Entity** Mid Continent Steel & Wire, Inc.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 02/15/2024            Signature:  */s/ Adam H. Gordon*

                            Name:       Adam H. Gordon

FORM 9. Certificate of Interest                                      Form 9 (p. 2)
                                                                     March 2023

| 1. Represented Entities.<br>Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest.<br>Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders.<br>Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Mid Continent Steel & Wire, Inc. | | Wholly owned by DEACARO USA Inc., a subsidiary of DEACARO S.A.P.I de C.V. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**FORM 9. Certificate of Interest** Form 9 (p. 3)
March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable   ☐ Additional pages attached

| The Bristol Group PLLC | Adam H. Gordon | Lauren N. Fraid*<br>*no longer with the Bristol Group |
|---|---|---|
| | Jennifer M. Smith-Veluz | |
| | Benjamin J. Bay | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)   ☐ No   ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable   ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

## **CERTIFICATE OF COMPLIANCE**

This reply complies with the type-volume limitation of Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure.

This reply contains 1694 words.

This reply complies with the typeface requirements Rule 32(a)(5) of the Federal Rules of Appellate Procedure, and the typestyle requirements of Rule 32(a)(6) of the Federal Rule of Appellate Procedure, in accordance with Rule 27(d)(1)(E) of the Federal Rule of Appellate Procedure.

This reply has been prepared in a proportionally spaced type face using Microsoft Word in Century Schoolbook 14-point font.

Dated:  February 15, 2024

*/s/ Adam H. Gordon*
Adam H. Gordon
**THE BRISTOL GROUP PLLC**
*Counsel to Defendant-Appellant Mid Continent Steel & Wire, Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of February, 2024, a copy of the foregoing reply was served on the following parties by operation of the Court's electronic-filing system:

Michael P. House
Michael R. Huston
Andrew T. Dufresne
Jonathan I. Tietz
Perkins Coie LLP
700 Thirteenth Street NW
Suite 800
Washington, DC 20005

*/s/ Adam H. Gordon*
Adam H. Gordon
**THE BRISTOL GROUP PLLC**
*Counsel to Defendant-Appellant Mid Continent Steel & Wire, Inc.*

Dated: February 15, 2024